BREECE *v.* STATE OF INDIANA.

[No. 13,648.   Filed June 4, 1929.   Rehearing denied August 29, 1929.]

*William D. Hardy,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Bernard A. Keltner,* Deputy Attorney-General, for the State.

ENLOE, J.—The appellant was tried and convicted in the city court of Evansville upon a charge of unlawfully having in his possession intoxicating liquor.   From

this conviction, he appealed to the circuit court of Vanderburgh county, where, upon trial before the court, he was again found guilty, and from the judgment imposing sentence, this appeal is prosecuted. The error assigned is the overruling of appellant's motion for a new trial, under which are presented the sufficiency of the evidence, the action of the court in admitting certain evidence, and the action of the court in overruling appellant's motion to strike out the said evidence so admitted. If there was no error in admitting said evidence, there was, of course, no error in overruling the motion to strike out the same. Also, if the said evidence was properly admitted, then the decision of the court is sustained by sufficient evidence and is not contrary to law.

The appellant, in his brief filed herein, under the caption *"How the Issues Were Decided and What the Judgment Was,"* says: "Before trial the appellant filed his verified motion for the suppression of evidence. Upon this motion, evidence was heard and the motion was overruled and the appellant excepted, but as this ruling is not relied on as an error for reversal, appellant will not set out this motion."

As the appellant has not favored us with said motion by setting out a copy thereof in his brief, nor by giving us even the substance thereof, or the grounds upon which said motion was based, we are, by his brief, left entirely in the dark as to the extent of said motion, and, as to the grounds upon which the same was based, the grounds by him relied upon in presenting said motion, and upon which he asked that said motion be sustained. The said motion may have been in proper form and the grounds upon which the same was based have been meritorious, or said grounds may have been utterly frivolous; we do not know what they were, but, in either event, the appellant has expressly waived any error as to said ruling, and, in effect, concedes the correctness thereof.

This court in the recent case of *Hantz* v. *State* (1929), 166 N. E. (Ind. App.), 439, held that where a party was cognizant of all the facts prior to the time of entering upon the trial of his case upon the merits, he could not, after entering upon the trial upon the merits, for the first time, raise the question of the validity of the search warrant and move to suppress evidence or object to the introduction in evidence of articles seized in said search, or object to the officers testifying as to what they found, saw or learned by reason of or during such search. Of course, if a party in due season filed his motion to suppress, and such motion, as shown therein, was based upon valid and sufficient reasons as to why such testimony should be suppressed, and such reasons were sustained by evidence, then it would be error for the court to overrule said motion, and the moving party would not, thereafter, upon the trial upon the merits, be precluded from objecting to the evidence so gained being introduced upon the trial, his objection being limited to the grounds set forth in his former motion to suppress. But to permit a party to file, before the time of trial upon the merits, his motion to suppress and to base that motion upon some ground or grounds which were entirely without merit, and then, after such motion had been overruled and they had entered upon the trial upon the merits—after jeopardy had attached—to permit him then to shift his ground, without a showing on his part that he had no knowledge of facts newly involved, and to urge other and different reasons as to why such offered testimony should not be received, would be to place the State, unfairly, at a disadvantage, and to nullify completely the rule announced in the Hantz case, *supra*.

We must presume in favor of the action of the trial court, especially as the same is not challenged, and that

the reasons stated by the appellant in his said motion to suppress filed before trial upon the merits were without merit, and that, therefore, its ruling on said motion to suppress was justified in law; also, we must presume that, at the trial upon the merits, appellant's objection to the offered evidence was based upon grounds entirely different from those upon which he based his said motion to suppress, the contrary not appearing, and it also not appearing that the facts involved and upon which said objections were founded were not at all times fully known to appellant, upon the showing made, the court did not err in overruling said objection, and also did not err in overruling the motion of appellant to strike out said testimony.

The rule we have announced will work no hardship, will deprive the defendant of no right under the law, but will tend materially to assist in the due administration of justice.

Affirmed.